RIVERA, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Rebuilding Title.

No. 392.—Decided November 25, 1918.

POSSESSION—CONSTRUCTION—RECORD OF TITLE.—When the possession of a building is recorded in the name of a certain person the possession of the lot must be understood also as recorded in his name, unless he holds as a mere tenant or there is evidence to show that the lot belongs to another person. This doctrine is founded on the presumption that the owner of a building is also the owner of the ground on which it stands.

The facts are stated in the opinion.

*Mr. Andrés Mena* for the appellant.

The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On January 11, 1918, Lucas Rivera Rodríguez and his wife executed an instrument before a notary public stating that they had purchased a certain urban property in Caguas

and that their title was recorded in the registry of property; that they had razed the house because it was in ruins and had constructed another, which they described, on the same lot, and that they executed the said instrument for the purpose of recording the new building in the registry of property.

The instrument having been presented for record, the registrar refused to record it for the reasons stated in the following decision, from which the present appeal is taken:

"The foregoing instrument, Deed No. 11 executed in this city on January 11 last before Notary Andrés Mena, is denied admission to record because it appears from the records of the registry that Carlota López, the original owner of the demolished building, established and recorded in her name only the possession of said house, there being no showing that the lot on which it was erected was recorded in her name, and therefore the said lot could not have been conveyed to Lucas Rivera, nor is there any record thereof in his name; because the house purchased by Rivera having been destroyed, not only the record in the name of said Rivera but also all previous records were totally canceled and the said property absolutely disappeared; because, in order to record the newly constructed house, a previous record of the lot on which it is built is essential, and because said lot is not recorded, therefore, in the name of any person. In lieu of the record a cautionary notice is entered for the legal period on page 184, volume 52 of Caguas, property No. 616, duplicate, entry 'B,' further assigning the curable defect of error in this instrument as to the location of the property, for the records of the registry show that it is situated on Padial Street, formerly Sol Street, and not on Padilla Street, as stated in this deed."

As may be seen, the refusal of the registrar is on the ground that the lot is not recorded in the registry. In order to verify this the registrar was requested to send up a copy of the first record of the property.

He did so, and, after examining the said document, we are of the opinion that the appellant is right because it appears therein that "Carlota López, of age, spinster and a resident of this district, brought proceedings before the municipal court of this town to establish her possession of the said prop-

erty by having constructed the same with her own money on a lot which she purchased from Adela Díaz, ' no recordable title having passed in the said purchase,'' and that the proceedings were prosecuted and approved in accordance with law and the registrar finally recorded the title in the following terms: ''The possession of this property is recorded in the name of Carlota López, without prejudice to the better rights of ownership of third persons.'' The description of the property in the record includes the house and the lot.

This being the case and there being no showing to the contrary, it should be concluded that the whole ''property'' was recorded and that the succeeding transfers and consequent records clearly include the house and the lot. The confusion of the registrar seems to be due to the fact that although the ground continues to be the principal part of town properties, its mention is omitted and reference is always made to the properties as house number so-and-so or such and such a building. The idea of a house or building generally includes the lot on which it is built and without the previous existence of the lot there can be no conception of the house or building.

Reviewing its own jurisprudence, this court also finds that this case may be considered as disposed of by the case of *Chevremont* v. *Registrar of Property,* 9 P. R. R. 186, in which the following doctrine was laid down:

''When a building is entered of record in favor of a person, it must be understood that the ownership of the lot is also recorded in his favor when the owner thereof is not the holder of a mere surface right and where there is no evidence that it pertains to another person. This doctrine is based upon the legal presumption that the person is the owner of the soil who owns the building situated thereon.''

In view of the foregoing the decision appealed from should be reversed and the record ordered with the curable defect assigned by the registrar.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.